IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRENDA COLEMAN GILLIS, )
)
Appellant, )
)
v. ) Civil Action No. 3:19-cv-00091–HEH
)
SPECIALIZED LOAN SERVICING )
LLC, as Servicing Agent for Deutsche )
Bank National Trust Co., as Trustee for )
First Franklin Mortgage Loan Trust )
2006-FF11, )
)
Appellee. )

## MEMORANDUM OPINION
(Summarily Affirming the Bankruptcy Court)

This bankruptcy matter is before the Court on an appeal filed by Brenda Gillis (*pro se* "Appellant") pursuant to 28 U.S.C. § 158(a). Appellant appeals the Bankruptcy Court's January 29, 2019 Order that granted *in rem* relief from the automatic stay and codebtor stay. In that Order, the Bankruptcy Court concluded that "[g]iven the Debtor's extensive filing history, including multiple bankruptcies filed to stop scheduled foreclosure sales, the Court finds that the Debtor and the Codebtor have acted in bad faith and have engaged in 'a scheme to delay, hinder, or defraud creditors' that involved multiple bankruptcy filings . . . Therefore, it is hereby **ORDERED** that the automatic stay of 11 U.S.C. §362(a) is hereby modified as to all parties to permit the Movant and its successors and assigns to enforce the lien of its Deed of Trust . . . ." (ECF No. 8-1 at 2.) Appellant has designated portions of the record she believes to be pertinent to this appeal, pursuant to Fed. R. Bankr. P. 8009. (*See* ECF No. 8.) The matter has been fully briefed, and the Court also acknowledges that *pro se*

complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

## I. STANDARD OF REVIEW

On appeal, a district court must accept a bankruptcy court's findings of fact unless those findings are clearly erroneous. *In re Highland Constr. Mgmt. Servs., LP*, 569 B.R. 673, 680 (E.D. Va. 2017) (quoting *Riley v. Robey*, 25 Fed. App'x. 149, 152 (4th Cir. 2002)). Conclusions of law are reviewed *de novo* by a district court. *See Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016).

## II. DISCUSSION

Appellee correctly points out that Appellant failed to order a transcript of the January 16, 2019 hearing.[1] Pursuant to Fed. R. Bankr. P. 8009(a)(1)(A), "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Furthermore, within 14 days of the appeal of right becoming effective, an appellant must order the hearing transcripts she "considers necessary for the appeal" or "file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript." *Id.* at (b)(1). Moreover, "[i]f the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and copies of all relevant exhibits." *Id.* at (b)(5). However, an appellant has an additional option if a transcript is unavailable.

> If a transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means,

---

[1] In one of Appellant's prior appeals, Appellant also failed to request a transcript of the hearing. That failure resulted in the affirmance of the Bankruptcy Court's order.

2

including the appellant's recollection. The statement must be filed within the
time prescribed by subdivision (a)(1) and served on the appellee, who may
serve objections or proposed amendments within 14 days after being served.
The statement and any objections or proposed amendments must then be
submitted to the bankruptcy court for settlement and approval. As settled and
approved, the statement must be included by the bankruptcy clerk in the record
on appeal.

*Id.* at (c).

Without the transcript or statement of the evidence, this Court does not have the necessary information to evaluate the Bankruptcy Court's factual findings. Accordingly, this Court is justified in summarily affirming the holding of the Bankruptcy Court. *See Sheppard v. Love*, No. 6:16-CV-169, 2016 WL 7324100, at *3 (W.D. Tex. Dec. 15, 2016) ("Without a transcript, the Court cannot review the findings and conclusions of the bankruptcy court. And without such review the Court is left with no choice but to affirm the ruling of the bankruptcy court."), *aff'd*, 686 F. App'x 289 (5th Cir. 2017) ("Sheppard's failure to provide the district court or this court with a transcript of the bankruptcy court's oral ruling prevents him from demonstrating any factual error."); *In re Cupit*, 541 B.R. 739, 745 (D. Colo. 2015) ("If the record on appeal fails to include copies of the documents necessary to decide an issue on appeal, this Court is unable to rule on that issue and may summarily affirm the bankruptcy court.") (internal quotation marks omitted); *In re Burris*, 2:14-BK-10801-WB, 2015 WL 5922036, at *3 n.4 (B.A.P. 9th Cir. Oct. 9, 2015) (stating that where the bankruptcy court's "findings of fact and conclusions of law [were] made on the record," a transcript is "necessary" for the reviewing panel to evaluate the holding of the lower court).

In Appellant's designation of the record, she provides this Court with more than 600 pages of material; however, the transcript from the January 16, 2019 hearing is not among them. (*See* ECF Nos. 8-4–8-8.) Appellant does include a copy of an email exchange

3

between herself and a representative from eScribers regarding the availability of the transcript. In that email, there appears to be a transcript from January 16, 2019; the representative provided Appellant with the same case number, 18-33270, and told her the transcript was available. However, the recording appears to be from 9:53 a.m. to 10:03 a.m., while Apellant claims the evidentiary hearing took place at 11:00 a.m. It is unclear if the transcript was unavailable. Even if the transcript is unavailable, Appellant has the option to provide a statement of the evidence, and she fails to do so. Further, Appellant expressly stated she would not be providing a transcript. (*See* ECF No. 8-2 at 2 "there was no transcript available . . . this is to CERTIFY THAT Brenda Coleman Gillis will not be using any transcripts for: . . . 3:19-cv-00091-HEH. . .").)

### III. CONCLUSION

This Court is unable to evaluate the Bankruptcy Court's factual findings without the transcript or a statement of the evidence. Because Appellant has not filed a transcript, the Court cannot find that the Bankruptcy Court committed clear error. Therefore, the Bankruptcy Court will be summarily affirmed.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Aug 21, 2019
Richmond, Virginia

4